# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 22, 2020

LETTER TO COUNSEL

RE:     *Roxanne P. v. Saul*
        Civil No. DLB-19-1879

Dear Counsel:

On June 26, 2019, plaintiff Roxanne P. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and plaintiff's response. ECF No. 15 ("Pl.'s Mot."), ECF No. 19 ("Def.'s Mot."), ECF No. 20 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed her claim for benefits on October 2, 2015, alleging a disability onset date of March 14, 2015. Administrative Transcript ("Tr.") 149. Her claim was denied initially and on reconsideration. Tr. 94-97, 99-100. A hearing was held on December 6, 2017, before an Administrative Law Judge ("ALJ"). Tr. 36-67. Following the hearing, the ALJ determined that plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 17-27. The Appeals Council denied plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that plaintiff suffered from the severe impairment of post-traumatic stress disorder ("PTSD").[1] Tr. 19. Despite these impairments, the ALJ determined that she retained the residual functional capacity ("RFC") to "perform work at all exertional levels while retaining the concentration, persistence, and pace to perform simple, repetitive work." Tr. 22. After considering

---

[1] The ALJ referred to plaintiff's PTSD as a "questionably severe" impairment, Tr. 19, and included the following in a footnote: "Since her alleged onset date, the claimant's PTDS [sic] has been treated with routine quarterly medication checks with a psychiatrist who reported generally unremarkable mental status examinations, and the other medical records does [sic] not reflect significant ongoing psychiatric signs on examination. The record indicates that they [sic] the claimant also received some intermittent counseling, but those counseling notes have not submitted to the record." Tr. 19 n.1.

*Roxanne P. v. Saul*
Civil No. 19-1879-DLB
September 22, 2020
Page 2

the testimony of a vocational expert ("VE"), the ALJ determined that plaintiff could not perform her past relevant work as a resident care aide, but that she could perform other jobs existing in significant numbers in the national economy. Tr. 26-27. Therefore, the ALJ concluded that plaintiff was not disabled. Tr. 27.

Plaintiff raises one argument on appeal: that the ALJ's decision does not comply with the Fourth Circuit's holding in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). I agree. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Mascio*, the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id.* at 638. That functional area "refers to the abilit[y] to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.00(E)(3) (2018). The Social Security regulations define a "moderate limitation" as the "fair" ability to function "independently, appropriately, effectively, and on a sustained basis." *Id.* § 12.00(F)(2). In comparison, a "mild limitation" reflects a slightly limited functional ability, and a "marked limitation" reflects a seriously limited functional ability. *Id.*

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE— and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.* The Court recently reiterated that *Mascio* "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020) (finding that the ALJ adequately explained the RFC's mental limitations where the RFC did not include a specific limitation addressing the plaintiff's moderate limitation in concentration, persistence, or pace).

Here, the ALJ found that Plaintiff had moderate limitations in maintaining concentration, persistence, or pace. Tr. 21. The ALJ's analysis stated:

Roxanne P. v. Saul
Civil No. 19-1879-DLB
September 22, 2020
Page 3

> With regard to concentrating, persisting, or maintaining pace, the claimant has no
> more than moderate limitation.  The claimant wrote in her Function Report that she
> sometimes forgot courses in meals she cooked or that she cooked food and did not
> serve it.  She reported that she followed written and spoken instructions very poorly
> and that she could only concentrate for a short length of time.  She testified that she
> slept about 4 hours during the day.

*Id.* (internal citations removed).

In the RFC assessment, the ALJ summarized plaintiff's testimony, including that "she could not pay attention for long," that "she would become uncomfortable at her grandchild's sporting events and would leave to sit in the car," and that she was "always on edge" and would repeatedly check whether the doors were locked.  Tr. 22-23.  The ALJ then discussed plaintiff's history of PTSD and concluded that her "medical treatment as a whole since her alleged onset date ha[d] been routine and conservative" and "limited to maintenance visits with a psychiatrist and a primary care provider."  Tr. 23.  The ALJ noted that the treatment records contained notations that plaintiff was "oriented, alert, in no acute distress," with "a well-kept appearance, appropriate behavior and affect, fluent speech, euthymic mood, intact thought process and thought content, and fair insight and judgment."  *Id.*  The ALJ noted that plaintiff's activities of daily living included her volunteer work at a school and a church, "getting her grandchildren up and ready for school and picking them up from school and taking them to sports practice," coloring, word searches, and watching television.  Tr. 24.

The ALJ also considered the opinion evidence of record.  The ALJ gave little weight to the opinion of plaintiff's treating psychiatrist because the opinion regarded a temporary restriction.  Tr. 24.  The ALJ gave little weight to the opinion of Maryland Delegate Mike McKay because he is not an acceptable medical source under Social Security law and the question of disability is reserved for the Commissioner.  *Id.*  The ALJ also noted that both State agency consultants found that plaintiff had moderate limitations in concentration, persistence, and pace.  Tr. 24-25.  The ALJ gave partial weight to the consultant at the initial level because he disagreed with the finding that plaintiff had a moderate limitation in the area of social functioning.  Tr. 25.  It is unclear what weight the ALJ gave the consultant on reconsideration, but the ALJ stated that he agreed with the consultant's opinion that plaintiff was "at least capable of simple, repetitive work."  *Id.*

The ALJ concluded that there was "insufficient medical evidence to establish disability," and that the medical treatment records, along with plaintiff's activities of daily living, supported the assessed RFC, including the limitation to simple, repetitive work.  Tr. 25.  However, "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question [and accompanying RFC] to simple, routine tasks or unskilled work." *Mascio*, 780 F.3d at 638.  While it is apparent that the ALJ found that plaintiff was able to perform simple, repetitive tasks, the ALJ failed to address plaintiff's ability to stay on task.  *Mascio* requires that, in the absence of an RFC limitation to accommodate a claimant's moderate difficulties

*Roxanne P. v. Saul*
Civil No. 19-1879-DLB
September 22, 2020
Page 4

maintaining concentration, persistence, or pace, the ALJ is required to explain why no such limitation is required. *Id.*

The Commissioner argues that "the ALJ provided the type of explanation that was missing in *Mascio* and that the Fourth Circuit found was sufficient in *Shinaberry*." Def.'s Mot. 7. In *Shinaberry*, the Fourth Circuit affirmed the ALJ's decision because the ALJ "sufficiently explained why the mental limitation to simple, routine, and repetitive tasks accounted for Shinaberry's borderline intellectual disability and her moderate limitations in her concentration, persistence or pace." 952 F.3d at 121. The Court pointed to the ALJ's detailed discussions of the State agency psychological evaluations and Shinaberry's statements, and the fact that Shinaberry "had been gainfully employed for decades despite her mental limitation." *Id.* at 122. This case is significantly different than *Shinaberry*.

The Commissioner contends that "the ALJ specifically attributed the limitation to simple, repetitive work to Plaintiff's deficits in concentration, persistence, and pace," Def.'s Mot. 8, but the ALJ did not discuss plaintiff's ability to concentrate, persist, or maintain pace anywhere in the RFC assessment apart from his summary of plaintiff's testimony. The Commissioner may be correct that "the evidence of record supported a mental RFC that limited Plaintiff to simple, repetitive work." Def.'s Mot. 11. However, I disagree with the Commissioner that "[t]he ALJ explained how he reached that decision, [when he cited] to the medical records, medical opinions, Plaintiff's credibility, and Plaintiff's activities of daily living." Def.'s Mot. 11. Although the ALJ cited to those records, he did not discuss them in the context of Plaintiff's ability to concentrate, persist, or maintain pace.

The Commissioner also points to the ALJ's finding that plaintiff's PTSD was "only questionably severe." Def.'s Mot. 8. The ALJ noted that the record did not clearly show a severe mental impairment lasting at least twelve months. *See* Tr. 19 n.1, 22 n.3. Despite this commentary, the ALJ concluded that plaintiff's PTSD was a severe impairment and continued the sequential evaluation. *See* 20 C.F.R. § 1520(a)(4)(ii) (explaining that, at step two, the ALJ will determine whether a claimant's medically determinable impairments are severe or nonsevere). The ALJ then made the finding that plaintiff's ability to concentrate, persist, and maintain pace was moderately limited. The Commissioner does not explain how the ALJ's early comments about the questionable severity of plaintiff's impairment cure the *Mascio* defect. The ALJ simply did not provide enough explanation for the Court to understand his findings regarding plaintiff's concentration, persistence, and pace. In light of this inadequacy, I must remand the case to the SSA for further analysis consistent with the Fourth Circuit's mandate in *Mascio*.

For these reasons, plaintiff's motion for summary judgment, ECF No. 15 is DENIED, and defendant's motion for summary judgment, ECF No. 19, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

*Roxanne P. v. Saul*
Civil No. 19-1879-DLB
September 22, 2020
Page 5


Despite the informal nature of this letter, it should be flagged as an opinion.  A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge